UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**WILLIAM ITHIER,**
    **Plaintiff,**

v.                                                                                            **Civil Action No. 4:05cv9**

**UNITED STATES OF AMERICA,**
    **Defendant.**

## ORDER AND OPINION

Currently before the court is the defendant's Motion for Dismissal, or, in the Alternative, for Summary Judgment, filed with attached supporting exhibits. The plaintiff's response has acknowledged that the claim should be dismissed for certain reasons. See Plaintiff's Response to Defendant's Motion for Dismissal, ¶ 1 (Doc. No. 7). The court believes that the claim should be dismissed for the following reasons. After examination of the brief and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons set out fully herein, **GRANTS** the defendant's motion to dismiss.

**I.**     **Factual Background**

On February 22, 2001, plaintiff William Ithier, Jr. was driving a vehicle northbound on Washington Boulevard in Fort Eustis, Virginia. A rental car operated by Janet L. Hobbs was also driving northbound, and the two vehicles collided. According to the military police report of the accident, plaintiff's car then struck a pole at the intersection of Washington Boulevard and Madison Avenue. It is undisputed that the incident took place solely within the boundaries of the United States Army post at Fort Eustis.

Plaintiff at the time was an E-4 active duty Army service member, assigned to D Company, 1/222nd Aviation Regiment at Fort Eustis and living on Fort Eustis, Virginia. Hobbs was a GS-12 procurement analyst with the Directorate of Contracting at Fort Knox, Kentucky, and was on temporary duty to Fort Eustis. Both plaintiff and Hobbs were acting within the scope of their office or employment as employees of the United States at the time of the incident. Subsequent to the incident, plaintiff received medical treatment furnished and/or reimbursed by the United States, including surgery to his right wrist.

## II.     Procedural History

On February 3, 2003, plaintiff filed a Motion for Judgment against Janet L. Hobbs in the Circuit Court for the City of Newport News. His complaint sought $250,000 in damages from Hobbs for allegedly causing the accident by making a sudden left turn in front of plaintiff's car. Significantly, plaintiff did not file an administrative tort claim with the Army before he filed this Motion for Judgment. On February 16, 2005, defendant United States of America filed notice of substitution, pursuant to 28 U.S.C. § 2679, a section of the Federal Tort Claims Act (FTCA), which provides that the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment lies in a suit against the United States of America. Attached to this notice was certification from the United States Attorney for the Eastern District of Virginia that Janet L. Hobbs had been acting within the scope of her office or employment. See 28 C.F.R. § 15.4. At the same time, defendant also removed the action to this court on the basis that federal courts have exclusive jurisdiction over claims against an employee of the United States while acting within the scope of her office or employment. See 28 U.S.C. §§ 1346(b) and 2679.

On July 31, 2003, the Army received an administrative claim for $125,000 personal injury damages and $25,000 property damages on behalf of the plaintiff. The Army advised plaintiff that his claim was defective. On September 15, 2003, the Army received another administrative claim for $125,000 personal injury damages and $25,000 property damages on behalf of the plaintiff. On March 18, 2004, the Army denied plaintiff's administrative claim, concluding, *inter alia*, that the claim was barred by the statute of limitations. See 28 U.S.C. § 2401(b).

Defendant filed this Motion to Dismiss, or in the Alternative, for Summary Judgment on April 29, 2005, arguing that for numerous reasons plaintiff's claim should be dismissed. Plaintiff filed a response on May 11, 2005, wherein he conceded that his claim should be dismissed for failure to make a claim under 28 U.S.C. § 2675(a) before instituting the present action. Defendant filed a reply to plaintiff's response, wherein it urged the court to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted and for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

Because plaintiff has failed to rebut any of the factual allegations made by the defendant in its Motion to Dismiss, the court must take the facts presented by the defendant as the facts of record. Loc. R. 56.

**III.     Standard of Review**

A.     Subject Matter Jurisdiction

In its motion to dismiss, defendant argues that this court lacks subject matter jurisdiction, and should therefore dismiss plaintiff's claim pursuant to Federal Rule of Civil Procedure

3

12(b)(1). The burden of establishing subject matter jurisdiction has long been held to lie with the plaintiff. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). This same rule applies where the underlying claim has been brought pursuant to the FTCA. See, e.g., Butts Feed Lots, Inc. v. United States, 690 F.2d 669, 670 (8th Cir. 1982).

There exist "two critically different ways to present a motion to dismiss for lack of subject matter jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In the first scenario, a defendant may contend that the complaint simply fails to allege facts upon which subject matter jurisdiction could be based. Id. The court must then take all the facts alleged in the complaint as true and determine whether the plaintiff has adequately pled jurisdiction. Id. In the second scenario, a defendant may attack the jurisdictional allegations of the complaint as untrue. Id. In that case, the court must look beyond the four corners of the complaint and consider extrinsic information in order to determine whether it has jurisdiction. Id. See also Saval v. BL, Ltd., 710 F.2d 1027, 1029 n.2 (4th Cir. 1983); Mortensen v. First Federal Savings and Loan Assoc., 549 F.2d 884, 891 (3rd Cir. 1977). As a result, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

B.  Failure to State a Claim

The defendant also argues that this court should dismiss plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. In assessing a motion to dismiss for failure to state a claim upon which relief can be granted, "a count should be dismissed only where it appears beyond a reasonable doubt that recovery would be impossible under any set of facts which could be proven." America Online,

Inc. v. GreatDeals.Net, 49 F. Supp. 2d 851, 854 (E.D. Va. 1999). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted). While the court must take the facts in the light most favorable to the plaintiff, the court is not bound with respect to the complaint's legal conclusions. See Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Dismissal pursuant to Rule 12(b)(6) is appropriate when upon considering the facts set forth in the complaint as true and construing the facts in the light most favorable to the non-moving party, there is no basis on which relief can be granted. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal should not be granted unless the moving party can demonstrate that no set of allegations will support the complaint. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083 (4th Cir. 1979).

C.   Summary Judgment

Summary judgment under Federal Rule of Civil Procedure 56 is only appropriate when the court, viewing the record as a whole and in the light most favorable to the non-moving party, determines that there exist no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

Once a party has properly filed evidence supporting the motion for summary judgment, the non-moving party may not rest upon mere allegations in the pleadings, but must instead set

forth specific facts illustrating genuine issues for trial. Celotex Corp., 477 U.S. at 322-24. Such facts must be presented in the form of exhibits and sworn affidavits. Failure by the plaintiff to rebut defendant's motion with such evidence will result in summary judgment. "[T]he plain language of Rule 56 mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Although the moving party bears the initial burden of stating the basis for its motion, that burden can be discharged if the moving party can show "an absence of evidence to support the non-moving party's case." Id. at 323, 325. After the moving party has discharged the burden, the non-moving party must then designate specific facts showing that there is a genuine issue of material fact. Id. at 324.

To enter summary judgment, a court does not need to determine that there are no factual issues in dispute. To find against the moving party, however, the court must find both that the facts in dispute are material and that the disputed issues are genuine. A factual dispute is deemed to be material if it is dispositive of the claim. See Thompson Everett, Inc. v. National Cable Advertising, L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). Similarly, a factual dispute is considered genuine if it is based on more than speculation or inference. Celotex Corp., 477 U.S. at 327; Runnebaum v. NationsBank of Md., N.A., 123 F.3d 156, 164 (4th Cir. 1997).

While it is the movant's burden to show the absence of a genuine issue of material fact, Pulliam Investment Co., Inc. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987), it is the non-movant's burden to establish the existence of such an issue. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-587 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on

which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. To survive summary judgment, the non-moving party must present evidence that is "significantly probative." Celotex Corp., 477 U.S. at 327.

**IV.     Analysis**

A.     The Feres Doctrine

In determining whether military personnel are barred from suing the United States in tort for actions that occur incident to service, courts have held consistently to the ruling of Feres v. United States, 340 U.S. 135 (1950) and its progeny. In Feres, the Supreme Court held that a military serviceman who brought suit under the Federal Tort Claims Act for injuries sustained while "in the course of activity incident to service," id. at 146, could not recover against the United States. The Court, emphasizing that prior to the enactment of the FTCA, no federal or state law had ever permitted a soldier to recover for negligence against his or her superior officers or the government he or she was serving, concluded, "[W]e find no parallel liability before, and we think no new one has been created by this Act [the FTCA]. Its effect is to waive immunity from recognized causes of action and was not to visit the Government with novel and unprecedented liabilities." Id. at 142.

What has become known as the "Feres doctrine" has never been legislatively overruled by Congress, and has been repeatedly affirmed by the Supreme Court. See, e.g., United States v. Stanley, 483 U.S. 669 (1987); United States v. Johnson, 481 U.S. 681 (1987); Chappell v. Wallace, 462 U.S. 296 (1983); Stencel Areo Engineering Corp. v. United States, 431 U.S. 666 (1977). In United States v. Johnson, the Court ruled that the doctrine barred a service member from suing a civilian employee of the federal government for alleged negligence. 481 U.S. at

687-88.

More recently, the Fourth Circuit has used the Feres doctrine to bar an active duty soldier from bringing suit against another soldier for injuries sustained in a base traffic accident while driving to his quarters to shower and change clothes before reporting to his next duty assignment. Stewart v. United States, 90 F.3d 102 (4th Cir. 1996). Noting that, "'since its inception, the Feres doctrine has been broadly and persuasively applied by federal courts,'" id. at 104 (quoting Kendrick v. United States, 877 F.2d 1201, 1202 (4th Cir. 1989)), the court concluded that the Supreme Court "'has sharply limited the ability of members of the uniformed services to recover damages under the FTCA.'" Id. (quoting Appelahans v. United States, 877 F.2d 309, 311 (4th Cir. 1989)). "'[I]n recent years the [Supreme] Court has embarked on a course dedicated to broadening the Feres doctrine to encompass, at a minimum, all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military." Id. at 105 (quoting Major v. United States, 835 F.2d 641, 644 (6th Cir. 1987) (emphasis in original)).

The Supreme Court has emphasized three broad rationales for the Feres doctrine: (1) that the relationship between the government and members of its armed forces is distinctively federal in nature; (2) the existence of generous statutory disability and death benefits; and (3) that the pursuit of claims by service members against the government would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness. Johnson, 481 U.S. at 688-91.

The "federal relationship is implicated to the greatest degree when a service member is performing activities incident to his federal service." Id. at 688. In Stewart, the court reasoned

8

that because the plaintiff "was on active duty status and was engaging in activity related to his military obligations when he was injured, he possessed the distinctive relationship with the government that underlies this aspect of Feres." 90 F.3d at 105. In the instant case, plaintiff was a member of the Army on active duty status at the time of the accident. He was operating a motor vehicle on the military post where he lived and worked, and was doing so incident to his service as an active duty member of the armed services. Plaintiff therefore possessed the distinctive relationship with the federal government at the time of the accident that the Supreme Court contemplated in Feres.

"In light of the comprehensive system of benefits designed to compensate injured service personnel, Congress likely did not envision that service members would recover under the FTCA as well." Id. at 106. A service member injured in the course of activity incident to service receives benefits that "compare extremely favorably with those provided by most workmen's compensation statutes." Feres, 340 U.S. at 145. In fact, the compensation system "normally requires no litigation." Id. In the instant case, plaintiff was entitled to and did receive medical care and benefits from the military for the injuries he sustained in the accident. The facts of the case therefore provide further support for this second rationale.

As to the third rationale, the emphasis on preserving military discipline "does not arise only when the lawsuit calls into question the orders of a superior officer." Stewart, 90 F.3d at 106. The Supreme Court has ruled a claim is barred by the Feres doctrine even "when service members plainly were not acting under direction of command." Id. Because military discipline involves more than simply obedience to orders, but a general duty and loyalty to service and country, "[s]uits brought by service members against the Government for service-related injuries

9

could undermine the commitment essential to effective service and thus have the potential to disrupt military discipline in the broadest sense of the word." Johnson, 481 U.S. at 691. The facts of the instant case fall squarely within this rationale.

It is therefore apparent that the Feres doctrine is applicable to the instant case. Plaintiff was a member of the military engaged in activity relating to his military obligations when the accident occurred. Because Hobbs was a civilian employee of the Army acting within the scope of her office or employment as an employee of the United States at the time of the accident, the United States is the proper target of plaintiff's complaint. See 28 U.S.C. § 2679. The doctrine announced in Feres bars plaintiff's claim against the United States, because he was engaged in activity incident to his obligations to the United States Army when the accident that is the basis for his claim occurred. The complaint against the United States is therefore dismissed.

B.      Failure to File an Administrative Claim

Even assuming that the Feres doctrine did not bar plaintiff's claim against the United States, the government's sovereign immunity protects it from suit except where express congressional authority exists that defines the terms and condititons upon which suit may be brought. See Soriano v. United States, 352 U.S. 270, 276-77 (1957). Congress has specifically provided only one avenue, the FTCA, for tort actions like those brought by plaintiff against the United States. Although the FTCA is broad in its scope, it has narrow procedural requirements to which claimants must adhere. Id. at 276.

Under the FTCA:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the

> scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The right to sue the United States in tort exists only by virtue of the provisions of 28 U.S.C. § 2675, which fix the terms and conditions upon which suit may be maintained. Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990). An action brought under the FTCA against the United States should be dismissed if a claim has not been properly made first against the appropriate administrative agency. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is said to have been presented when a Federal agency receives from the claimant an executed Standard Form 95 or other written notification of an incident, along with a specific claim for money damages for personal injury, death, or damage to property that is alleged to have occurred as a result of the incident. 28 C.F.R. § 14.2(a). The filing of a lawsuit neither satisfies this requirement nor relieves the claimant of the obligation to file an administrative claim. McNeil, 508 U.S. at 111. The Supreme Court in McNeil refused to permit the jurisdictional defect to be cured while the lawsuit was still pending, but instead upheld its dismissal for lack of jurisdiction. Id.

Here, plaintiff did not file an administrative claim until July 31, 2003, more than five months after his initial complaint was filed with the Newport News Circuit Court. And it was not until September 15, 2003 that plaintiff filed a claim with the Army that was free of defects. The Supreme Court in McNeil dealt with facts similar to those in the instant case. There, the plaintiff brought suit against the federal government under the FTCA before making a claim against the appropriate administrative agency. Id. at 107-08. He argued that he should be

deemed to have "instituted" his lawsuit against the United States at the moment his administrative claim was denied. Id. at 111. The Court rejected this interpretation, instead finding that "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." Id. at 112. In the case at bar, plaintiff did not exhaust Executive remedies before he invoked the judicial process. His claim therefore is dismissed for failure to first present an administrative claim.

C.     Statute of Limitations

The FTCA includes a statute of limitations that requires that tort claims brought against the United States be filed within two years after such a claim accrues or within six months after the date of mailing of notice of final denial of the claim by the agency to which it was first presented. 28 U.S.C. § 2401(b). If the suit is not filed within the time limits prescribed by Congress, the claimant loses the substantive right to sue under the Act. See United States v. Kubrick, 444 U.S. 111, 117-18 (1979).

A plaintiff must therefore present an administrative tort claim to the appropriate Federal agency within two years of the alleged tort and must begin his tort suit against the United States within six months of the date of mailing of the final denial of that claim by the agency. If he does not, the plaintiff is forever barred from bringing a lawsuit based upon that claim. See College v. United States, 572 F.2d 453 (4th Cir. 1978); Kinson v. United States, 322 F.Supp.2d 684 (E.D.Va. 2004). That the claim was erroneously filed in state court does not toll the limitations period. Houston v. U.S. Postal Service, 823 F.2d 896, 906 (5th Cir. 1987).

In the instant case, plaintiff filed a properly completed administrative claim on September 15, 2003, more than two years after the accident occurred. Although plaintiff had filed this

lawsuit within two years of the accident, it is clear from <u>McNeil</u> that a lawsuit filed under the FTCA before administrative remedies have been exhausted is considered premature and therefore outside the statute of limitations. 508 U.S. at 112. Plaintiff's claim therefore is dismissed for failure to comply with the statute of limitations as provided in 28 U.S.C. § 2401(b).

## V.     Conclusion

Although there is no dispute among the parties that this claim should be dismissed for failure to first exhaust administrative remedies, it is clear that this claim should also be dismissed under the <u>Feres</u> doctrine and for failure to comply with the time periods for filing required by 28 U.S.C. § 2401(b). Because the court dismisses the claim, there is no reason to rule on defendant's motion for summary judgment.

For the reasons stated on the record, and for those discussed above, the court **GRANTS** the defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted, with respect to the plaintiff's entire claims.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all parties.

It is so **ORDERED**.

_____
UNITED STATES DISTRICT JUDGE

June ___, 2005
Norfolk, Virginia